**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| SHAMOON SAEED, ) | CASE NO. 4:14 CV0871 |
| ) | |
| Petitioner ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM OF OPINION** |
| MICHAEL PUGH, ) | **ORDER** |
| ) | |
| Respondent. ) | |

**INTRODUCTION**

*Pro se* petitioner Shamoon Saeed filed the above-captioned habeas corpus action against Northeast Ohio Correctional Center ("N.E.O.C.C.") Warden Michael Pugh pursuant to 28 U.S.C. § 2241.  Petitioner, who is incarcerated at N.E.O.C.C., challenges loss of Good Credit Time (GCT).  For the reasons set forth below, the petition is dismissed.

**BACKGROUND**

Petitioner was named in an Incident Report issued by N.E.O.C.C. on October 7, 2013. The report charged him with "Phone Abuse Non-Criminal (third-way calling)," an Offense Code 297 violation.

A hearing was held before the Disciplinary Hearing Officer (DHO) on October 14, 2013.

At that time, Petitioner waived his right to staff representation.  He admitted that all of the facts were true, and stated that he just wanted to speak to a friend in Toronto, who was a former inmate at N.E.O.C.C.  The conversation was in the Urdu (Indian) language. The  DHO asked Petitioner whether he understood his rights during the hearing and he answered affirmatively.  He declined the offer of an interpreter or the opportunity to present any evidence in his defense.

In reaching her determination, the DHO considered Petitioner's admission, the audio recording of his telephone conversation, and a copy of the Inmate Admission and Orientation book.  The DHO also considered the reporting officer's statement recounting his random monitoring of inmate telephone calls whereby he heard Petitioner speaking to an unidentified male, whom he asked to dial a number on his behalf.  Seconds later, the unidentified male said: "Go ahead" and Petitioner began speaking to another unidentified male in a foreign language.  The DHO additionally introduced the Inmate Handbook which states: "For security reasons, all inmate telephones are subject to monitoring and recording."  Additionally, "Third party billing and electronic transfer of a call to a third party are prohibited." (Doc. No. 1-2 at 3.)

The DHO found Petitioner in violation of Offense Code 297.  Petitioner countered that a lesser charge should have been applied. The DHO considered his claim, but found it unsubstantiated given that the facts were undisputed that Petitioner circumvented the telephone system by having another individual place a three-way call for him. Petitioner was sanctioned with the loss of 24 days GCT and 60 days' loss of commissary and telephone privileges. Petitioner fully exhausted his administrative remedies.

**STANDARD OF REVIEW**

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the

'execution' of his sentence." *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir.2005). A § 2241 petition challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir.2001).

### **DISCUSSION**

Petitioner raises two grounds for relief:

> GROUND ONE: The charge given to me by the DHO was the wrong charge based on the actual severity of the action and the fact that there was a similar offense conduct at a lower severity level available which they refused to use in spite of mitigating factors.
>
> GROUND TWO: Violation of Rule of Lenity in imposing a harsher sanction when a lesser sanction was available and there was no circumstances warranting a more severe punishment.

(Doc. No.1-1 at 3 and 6).

Petitioner argues the DHO should have considered the fact that he had no prior infractions and that an Offense Code 397 would have been more appropriate given that both Offense Codes 397 and 297 prohibit three way calling. He also argues that because the Bureau of Prisons (BOP) has the option of charging inmates with lesser offenses, its decision to punish him under the higher offense is a violation of the Rule of Lenity.

When a prisoner faces the loss of good time credits, due process requires that he or she receive the following hearing rights: 1) written notice of the hearing at least twenty-four hours in advance; 2) an opportunity, when consistent with institutional safety and correctional goals, to

call witnesses and present documentary evidence in his defense; and 3) a written statement by the factfinder of the evidence relied on and the reason for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974). A prison disciplinary decision comports with the requirements of due process if "some evidence" supports the decision by the prison disciplinary board. The quantity of evidence to support a disciplinary conviction is minimal and does not involve the independent assessment of witness credibility or weighing of evidence by the federal courts. *Superintenden, Mass. Corr. Inst. v. Hill*, 472 U.S. 445 (1985).

Contrary to Petitioner's assertion, Offense Code 397, unlike Offense Code 297, does not involve a third party caller. Offense Code 397 addresses: "Use of the telephone for abuses other than illegal activity *which do not circumvent* the ability of staff to monitor frequency of telephone use, content of the call, or the number called." 28 C.F.R. §541.3. Offense Code 297 applies to the "[u]se of the telephone for abuses other than illegal activity *which circumvent* the ability of staff to monitor frequency of telephone use, content of the call, or the number called." *Id.*

The DHO applied the more severe sanction because Petitioner's "[u]se of the telephone ... *circumvent[ed]* the ability of staff to monitor frequency of telephone use, content of the call, or the number called." The DHO noted that it was Petitioner's use of a third party to place a call that circumvented the staff's ability to monitor his telephone use in violation of Offense Code 297. Clearly, "some evidence" existed to justify the DHO's finding.

Petitioner's reliance on the Rule of Lenity, which applies to statutory construction in criminal cases, is not applicable in this civil action.

**CONCLUSION**

Based on the foregoing, Petitioner's Motion to Proceed *In Forma Pauperis* is **granted** (Doc. No. 2), and the Petition is dismissed pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
UNITED STATES DISTRICT JUDGE

Dated: 10/3/14

---

[1] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."